### Joel P. Watson v. R. N. Henniger.

1. VERDICTS—*Upon Conflicting Evidence.* —Questions upon which the evidence is conflicting are questions to be settled by the verdict of the jury.

2. APPELLATE COURT PRACTICE—*Absence of Exceptions.*—The ruling

of the court below upon the admission of testimony can not be reviewed where no exceptions appear in the bill of exceptions.

**Transcript from a Justice of the Peace.**—Appeal from the Circuit Court of Perry County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1895. Affirmed. Opinion filed March 7, 1896.

ALBERT WATSON, attorney for appellant; S. S. JONES, of counsel.

BENJAMIN W. POPE, attorney for appellee.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Appellant and appellee entered into an agreement for the sale, by the former to the latter, of his right to the possession of part of a certain building in Ashley, occupied by appellant under a parol agreement with the owner. Appellant agreed to see the owner and procure a lease directly from him to appellee, who was to pay the rent to the owner and to pay appellant $150 besides, for his right of occupancy. The preponderance of the evidence shows that when the trade was first under consideration, appellant stated that he was entitled to the possession of the premises for twenty-seven months. It appears, however, that the lease tendered appellee was for twenty-four months only. Whether appellee agreed to take a lease for twenty-four months, or declined to do so, and refused to complete the contract on the ground that the lease should have been for twenty-seven months, was a question upon which the evidence was conflicting, and therefore a question to be settled by the verdict of the jury. We can not say that the jury have transcended their power under the law in returning a verdict for appellee.

The only other point made by appellant relates to the refusal of the court to permit a certain question to be answered on cross-examination. This ruling is not before us for review, because no exception to the same appears in the bill of exceptions.

The judgment is affirmed.